UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| PATRICK MAINA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:15-cv-00113-RLY-DML |
| | ) | |
| LORETTA E. LYNCH, Attorney General of the United States, JEH JOHNSON, Secretary of the U.S. Department of Homeland Security, and KAMSING V. LEE, Field Office Director of the United States Citizenship and Immigration Services, | ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY ON PLAINTIFF'S MOTION TO STRIKE and
DEFENDANTS' MOTION TO DISMISS**

Plaintiff, Patrick Maina, filed this suit against Defendants, Loretta E. Lynch, Attorney General of the United States, Jeh Johnson, Secretary of the U.S. Department of Homeland Security ("DHS"), and Kamsing V. Lee, Field Office Director of the United States Citizenship and Immigration Services ("USCIS"), to redress the denial of his application for naturalization. Plaintiff advances four counts in his Complaint. In Count I, Plaintiff seeks a *de novo* review of his application for naturalization pursuant to Section 310(c) of the Immigration and Nationality Act ("INA"), codified at 8 U.S.C. § 1421(c). In Count II, Plaintiff challenges the denial of his naturalization application under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et seq.* In Count III, Plaintiff seeks a declaratory judgment that he meets all the statutory requirements for

1

naturalization pursuant to 28 U.S.C. § 2201.  Lastly, in Count IV, Plaintiff alleges that Defendants have violated his Fifth Amendment substantive and procedural due process rights.  This matter now comes before the court on Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction or, in the Alternative, For Failure to State a Claim and Plaintiff's Motion to Strike Defendants' Motion to Dismiss.  Defendants only seek dismissal of Counts II and IV.  For the reasons set forth below, the court **GRANTS** Defendants' motion and **DENIES** Plaintiff's motion.

## I. Background

Plaintiff, a native and citizen of Kenya, was admitted to the United States on a student visa in August 2001.  (Filing No. 1, Complaint ¶ 8).  In May 2006, through his marriage to Wanda Scott, a U.S. citizen, Plaintiff obtained lawful permanent resident status.  (*Id.* ¶¶ 9-11).  Scott filed for divorce in October 2006, and the divorce was finalized in December 2006.  (*Id.* ¶ 12).

In 2013, Plaintiff applied for naturalization and submitted to an interview.  (*Id.* ¶ 13).  USCIS then conducted an investigation concerning Plaintiff's addresses since 2004.  (*Id.* ¶ 14).  In May 2014, USCIS issued a Notice of Intent to Deny ("NOID") Plaintiff's application, concluding that Plaintiff did not provide "an accurate list of [his] previous addresses and therefore closed off a line of questioning into the validity of [his] previous marriage."  (*Id.* ¶ 17).  Plaintiff responded to the NOID, but USCIS nonetheless denied his naturalization application.  (*Id.* ¶¶ 18, 21).  USCIS claimed that Plaintiff provided "false testimony under oath with the intent to obtain an immigration benefit on [his] N-

400 application." (*Id.* ¶ 21). Plaintiff filed an administrative appeal of USCIS' decision, and the agency issued a final decision affirming the denial. (*Id.* ¶¶ 24-26).

After USCIS denied Plaintiff's naturalization application, DHS issued a Notice to Appear ("NTA"), thereby placing Plaintiff in removal proceedings. (*Id.* ¶ 27). The fourth allegation in the NTA states that Plaintiff "entered into a fraudulent marriage with a U.S. citizen in order to procure [his] permanent residence in the U.S." (*Id.*).

On January 27, 2015, Plaintiff filed this Complaint challenging the denial of his naturalization application. On April 27, 2015, Defendants filed an Answer. Defendants subsequently filed the pending motion to dismiss on November 13, 2015. Plaintiff then moved to strike the motion to dismiss.

## II. Plaintiff's Motion to Strike[1]

### A. Legal Standard

Federal Rule of Civil Procedure 12(f) authorizes the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are generally disfavored because they "potentially serve only to delay." *Heller Fin., Inc. v. Midwhey Powder Co.*, 883 F.2d 1286, 1294 (7th Cir. 1989). *See Leon v. Jacobson Transp. Co.*, No. 10 C 4939, 2010 U.S. Dist. LEXIS 123106, at *1 (N.D. Ill. Nov. 19, 2010) (concluding that motions to strike "are not always a good use of the time it takes to file and rule upon them").

---

[1] Plaintiff ran afoul of the local rules when he failed to file a motion separate from his brief. *See* S.D. Ind. L.R. 7-1(a).

B. Discussion

Plaintiff offers two reasons to strike Defendants' motion: (1) to the extent Defendants move pursuant to Rule 12(b)(6) for failure to state a claim, the motion is untimely; and (2) to the extent Defendants move pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, the issue has been waived because Defendants did not indicate that jurisdiction was wanting in their Answer.

First, Plaintiff argues that a Rule 12(b)(6) motion is untimely if filed after the twenty-one day period permitted for a responsive pleading under Rule 12(a)(1)(A). Additionally, Plaintiff explains that dismissing parts of the Complaint at this stage would be improper because the parties have already appeared for a pretrial conference, submitted a case management plan, and conducted significant discovery. These arguments are mooted by the fact that the court ultimately resolves Defendants' motion solely on the basis of subject matter jurisdiction. Mootness notwithstanding though, Defendants' motion is timely as a motion for judgment on the pleadings pursuant to Rule 12(c). *See McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 757 n.1 (7th Cir. 2006) ("[A] 12(b)(6) motion filed after an answer has been filed is to be treated as a 12(c) motion for judgment on the pleadings . . . ."); Fed R. Civ. P. 12(c) (noting that motions for judgment on the pleadings may be brought at any time "[a]fter the pleadings are closed-but early enough not to delay trial"). It is unclear why Defendants titled their motion a motion to dismiss.

Second, it is of no consequence that Defendants did not contest subject matter jurisdiction in their Answer because "true jurisdictional flaws are nonwaivable." *Hurley*

4

*v. Motor Coach Indus.*, 222 F.3d 377, 379 (7th Cir. 2000). Indeed, it is well established that "[t]he objection that a federal court lacks subject-matter jurisdiction may be raised . . . at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) (citing Fed. R. Civ. P. 12(h)(3)). Therefore, Plaintiff's Motion to Strike must be denied.

### III. Defendants' Motion to Dismiss

#### A. Legal Standard

Defendants seek to dismiss Count II (APA) and Count IV (Fifth Amendment) for lack of subject matter jurisdiction and, as an argument in the alternative, failure to state a claim upon which relief can be granted. The court need only reach the first ground though. Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal for lack of subject matter jurisdiction. "Motions to dismiss under Rule 12(b)(1) are meant to test the sufficiency of the complaint, not to decide the merits of the case." *Ctr. for Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 588 (7th Cir. 2014). After a defendant alleges that jurisdiction is lacking, it is the plaintiff who "bears the burden of establishing that the jurisdictional requirements have been met." *Id.* at 588-89. For purposes of Defendants' motion, the court accepts Plaintiff's well-pleaded factual allegations as true and construes all reasonable inferences in his favor. *Id.* at 588.

#### B. Count II

In Count II, Plaintiff seeks review of the denial of his application for naturalization pursuant to the APA, alleging that USCIS' decision was arbitrary and capricious. Defendants claim that the court lacks jurisdiction to review the merits of this claim

5

because judicial review under the APA is explicitly limited to cases where "there is no other adequate remedy in a court." 5 U.S.C. § 704. *See Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988) (concluding that Section 704 "makes it clear that Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action"). Here, Plaintiff has a remedy outside of the APA. Specifically, he can seek (and, in fact, is seeking) *de novo* review under 8 U.S.C. § 1421(c). Dismissal is therefore required. *See Heslop v. AG of the United States*, 594 F. App'x 580, 584 (11th Cir. 2014) (affirming dismissal of APA claim for lack of subject matter jurisdiction because "the INA gives [an applicant] an adequate remedy: the ability to seek in federal district court *de novo* review of USCIS's denial of his application for naturalization after he exhausts his administrative remedies"); *Escaler v. United States Citizenship & Immigration Servs.*, 582 F.3d 288, 291 n.1 (2d Cir. 2009) (explaining that it is unclear "what judicial relief the APA might authorize that adds to the sweeping *de novo* review provided by Section 1421(c)").

Plaintiff does not contest these arguments, and appears to even concede them. Therefore, Count II shall be dismissed for want of subject matter jurisdiction.

### C. Count IV

In Count IV, Plaintiff alleges that "Defendants' policies, practices or customs violate Plaintiff's Fifth Amendment substantive and procedural due process rights." (Complaint ¶ 39). Defendants argue that the court lacks jurisdiction to review this claim as well, and the court agrees. Therefore, the court need not address Defendants' alternative argument that Plaintiff fails to satisfy the plausibility pleading standard.

6

Initially, Defendants take issue with threadbare, conclusory nature of Count IV, arguing that it is unclear what is being challenged.[2] Nonetheless, they highlight certain allegations in the Complaint[3] and contend that to the extent Plaintiff brought Count IV in order to challenge the charges alleged in the NTA or DHS' decision to initiate removal proceedings, federal law explicitly bars such a claim.  Indeed, the INA plainly limits "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States" to the review of a final order of removal.  8 U.S.C. § 1252(b)(9).  *See id.* ("Except as otherwise provided in this section, no court shall have jurisdiction . . . to review such an order or such questions of law or fact.").  Any attempt by Plaintiff to challenge the charges brought by DHS are therefore premature, as no final removal order has issued.  Moreover, such a claim would have to be brought before the "appropriate court of appeals."  8 U.S.C. § 1252(a)(5).  The INA also bars the court from considering any challenge to DHS' decision to initiate removal proceedings: "[N]o court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this Act."  8 U.S.C. § 1252(g).

---

[2] The one sentence quoted above is the only allegation specific to Count IV.
[3] *See* Complaint ¶ 27 ("These allegations [in the NTA] are based on a hodgepodge of speculative summations not grounded in fact."); *id.* ¶ 28 ("Defendants' action [issuing the NTA] is a deliberate attempt to circumvent the congressionally mandated *de novo* review of naturalization decisions by this Court simply by initiating removal proceedings.").

Plaintiff's response is difficult to understand.  First, he retorts that he is not challenging DHS' decision to initiate removal proceedings.  (*See* Filing No. 34, Plaintiff's Response at 2 ("Defendants further argue that this Court is precluded from reviewing Defendants' decision to place Maina in removal proceedings, as if Maina made such request.  Maina did not.")).  Rather, Count IV is seemingly meant to redress Plaintiff's belief that the naturalization process "was rigged" against him.  (*Id.* at 9).  This suggests that Section 1252 does not apply and the court therefore has jurisdiction.

But then Plaintiff goes on to write, "There is no denying that conclusions USCIS officers reached in reviewing Maina's application for naturalization formed the grounds for initiating his removal proceedings.  Indeed, the removal proceeding itself impinges on significant property and liberty rights of Maina."  (*Id.* at 10).  This language–particularly the second sentence and Plaintiff's use of the buzz words "property and liberty rights"–strongly suggests that his Fifth Amendment claim is rooted in the decision to initiate removal proceedings.  *See Champion v. Holder*, 626 F.3d 952, 957 (7th Cir. 2010) ("To articulate a due process claim, [a plaintiff] must demonstrate that she has a protected liberty or property interest under the Fifth Amendment.").  He adds, "Defendants strenuously attempt to separate [the naturalization process and the removal proceedings].  While their attempts are understandable, they must fail."  (*Id.* at 11).  Plaintiff implies that the court must necessarily exercise judicial review over the removal proceedings as a part of this litigation.  Section 1252 expressly strips the court of jurisdiction to conduct that type of review though.

In the end, the court is not convinced that it has jurisdiction to review Count IV. Depending upon which lines from Plaintiff's brief are emphasized, the court can find support for granting or denying Defendants' motion. Furthermore, the lines from the Complaint highlighted by Defendants suggest that Count IV is directed at the removal proceedings. Because Plaintiff fails to cite Section 1252 even once, his brief offers no explanation for how the statute should apply to Count IV. It is well established that "the proponent of federal jurisdiction has the burden of proof (which is to say, bears the risk of non-persuasion)." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). Plaintiff fails to meet his burden here, and, as a result, Count IV must be dismissed for want of jurisdiction.

**IV. Conclusion**

Therefore, Plaintiff's Motion to Strike (Filing No. 33) is **DENIED** and Defendants' Motion to Dismiss (Filing No. 26) is **GRANTED**. Counts II and IV are both **DISMISSED** for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

**SO ORDERED** this 5th day of May 2016.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.